NOT DESIGNATED FOR PUBLICATION

No. 129,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEONTE ANDREW BURKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ATCHESON and CLINE, JJ.

PER CURIAM: Deonte Burke appeals the district court's decision to revoke his probation and impose a controlling 42-month prison sentence. We granted Burke's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After carefully reviewing the record, the arguments in Burke's motion, and the State's response, we affirm the district court's judgment.

Burke pleaded no contest to felony theft in 2022. The district court imposed 12 months' imprisonment for this crime but suspended the sentence and ordered Burke to serve 12 months of probation. Unfortunately, Burke's probation was not successful.

1

In May 2023, the State filed a motion to revoke Burke's probation, alleging that he failed to report to his probation officer and committed a new offense. Burke later pleaded no contest to unlawful possession of a controlled substance; in exchange for Burke's plea, the State recommended probation for the drug conviction and reinstatement of probation for Burke's theft conviction. The district court followed these recommendations: At a September 2023 hearing, the court sentenced Burke to a 30-month prison term for the new drug offense and then placed Burke on 18 months of probation with required drug-treatment obligations. At the same hearing, Burke admitted to the probation violations alleged in the State's motion, and the district court extended his probation for the theft conviction for 18 months.

In February 2025, the State moved to revoke Burke's probation in both cases, alleging that he had not complied with the conditions of his probation in several ways. The motion alleged that Burke had not submitted urinalysis tests, reported to his probation officer, or attended drug court. Burke again admitted to these violations. The district court imposed a three-day jail sanction in both cases and again extended the probation in each case for 18 months from the hearing.

In May 2025, the State filed the motion giving rise to the case before us. In the motion, the State again asked the court to revoke Burke's probation, alleging that Burke

- had not submitted urinalysis tests,
- tested positive for methamphetamine in April 2025,
- tested positive for methamphetamine in May 2025,
- had not reported as required to his probation officer,
- had not appeared in drug court and was suspended from drug court for continued rule violations, and
- failed to make payments toward fees in both cases.

Burke waived an evidentiary hearing and admitted to these violations. The district court found under these facts that Burke was not amenable to probation and ordered him to serve the underlying sentences.

Once a probation violation has been established, the district court has discretion to extend a person's probation, impose other sanctions, or revoke that person's probation unless the court is otherwise limited by statute. K.S.A. 22-3716; *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts reverse that decision on appeal if it arises from an abuse of the court's discretion—that is, when the judgment is arbitrary, fanciful, or unreasonable, or based on a legal or factual error. 315 Kan. at 328; see *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Burke bears the burden of showing such an error occurred in his case. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012) ("The party asserting an abuse of discretion bears the burden of establishing it.").

In challenging the district court's decision, Burke does not argue that the court's ruling was based on an error of fact or law. Indeed, Burke admitted that he had violated the conditions of his probation in several respects. And there is no question that the court had the legal authority to revoke his probation, as the court had previously imposed a three-day jail sanction for probation violations in both the theft and the drug cases. K.S.A. 22-3716(c)(1)(C). Instead, Burke argues that the court acted unreasonably when it revoked his probation in these cases instead of extending his probation or imposing some other sanction. We disagree.

Throughout these cases, the district court stressed in its conversations with Burke the need for drug treatment and compliance with his probation terms. Burke struggled with these conditions. The allegations in the State's most recent motion to revoke Burke's probation, which was filed only months after the court imposed a jail sanction and extended his probation for similar violations, illustrate Burke's continued difficulty to

comply with the basic terms of his probation—reporting to his probation officer and refraining from using drugs. In explaining its decision to revoke Burke's probation, the district court observed that Burke had been given "multiple opportunities" to take advantage of community support and resources, but because Burke was not able to "report and show up," there was "nothing that probation can do." The court thus found that probation was not serving its goal of rehabilitation in these cases.

This explanation is a sound exercise of the district court's discretion. Burke has not shown the district court erred when it revoked his probation and ordered him to serve his prison sentences. We affirm the district court's decision.

Affirmed.